IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Magistrate No. 21-593 |
| | ) | |
| JUAN PAREDES | ) | **UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Eric J. Fuchs, being duly sworn, do hereby state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS") and have been so employed since 2007. I am currently assigned to the Narcotics and Money Laundering Team at the USPIS's Pittsburgh, Pennsylvania field office. In this capacity, I am responsible for investigating the use of the United States Mails for the purpose of transporting controlled substances such as methamphetamine, heroin, fentanyl, fentanyl-related analogs, cocaine, and other controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) (manufacturing, distribution, or possession with the intent to manufacture or distribute a controlled substance), 843(b) (unlawful use of a communication facility in the commission of a crime), and 846 (drug conspiracy and attempt). In addition, I am responsible for investigating possible violations of 18 U.S.C. §§ 1956 and 1957 (money laundering). Additionally, I am an "Investigative or Law Enforcement Officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.       My duties and responsibilities include participating in the Investigation and prosecution of persons who violate federal drug laws.  As a result of my training and experience, I am familiar with federal drug laws and know that, in accordance with Title 21, United States Code, Section 841, it is unlawful for an individual to manufacture, distribute, or possess with intent to distribute or dispense a controlled substance, including, but not limited to cocaine.

3.       The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained during my participation in this investigation, knowledge obtained from other individuals, review of records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.  Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for a criminal complaint, this affidavit does not set forth each and every fact learned by me during the course of this investigation.

**PROBABLE CAUSE**

4.       For the reasons and to the extent detailed below, this application is in support of a Criminal Complaint and an arrest warrant for JUAN PAREDES charging him with Attempted Possession with the Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, a Schedule II controlled substance, contrary to 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A)(viii), and in violation of 21 U.S.C. § 846.

5.       On January 27, 2021, your Affiant obtained a federal search warrant (Magistrate No. 21-178) authorizing a search of United States Priority Express Mail parcel EJ 573 585 253 US ("Subject Parcel"), based in part on suspicious markings indicating drug trafficking as well as a positive indication of narcotics from a canine.  The Subject Parcel was addressed to "Kristy

Collins, 18 Landis Ave, Cranberry Township, PA 16066." Postal Inspectors opened the Subject Parcel pursuant to the search warrant and found that it contained approximately 1 kilogram of a white crystalline substance that field-tested positive for methamphetamine.

6. On January 28, 2021, your Affiant obtained an anticipatory search warrant (Magistrate No. 21-184) for the residence to which the Subject Parcel was addressed, 18 Landis Avenue, Cranberry Township, PA 16066. The triggering event for the search was acceptance of the Subject Parcel into that residence.

7. That day, pursuant to the anticipatory warrant, federal agents executed a controlled delivery of the Subject Parcel at 18 Landis Avenue, Cranberry Township, PA 16066, having replaced the narcotics with a sham substance. PAREDES was observed accepting the Subject Parcel and taking the Subject Parcel into the residence. After approximately 15 minutes, federal agents executed the search warrant of that residence. The residence is a single-story home where the front door opens into the living room, dining room, and kitchen. To the left, are a master bedroom and bathroom. To the right, are a hallway, guest bedroom, office, and guest bathroom.

8. When they entered the residence, federal agents found three people inside, none of whom were the addressee listed on the Subject Parcel. PAREDES and another male were found on the right side of the residence near the office and guest bathroom. The female who lived in the residence was entering the main living area from the left side of the residence. The Subject Parcel was found opened in the hallway on the right side of the residence, near PAREDES and the other male. Additionally, the sham substance was found to have already been hidden on the floor next to a water heater behind cutout drywall in a closet in the guest

bedroom on the right side of the residence, near where PAREDES and the other male were found.

9. During a post-Miranda statement, Paredes admitted to accepting the Subject Parcel and taking it into the residence. Paredes then requested an attorney and ended the interview.

10. Your affiant used a fluorescent light to check the hands of PAREDES and the other male for residue of "Clue Spray" that was sprayed on the inside of the Subject Parcel. PAREDES and the male's hands illuminated under the fluorescent light to show they had touched the inside of the Subject Parcel. "Clue Spray" is an invisible substance that is used by Postal Inspectors to spray the contents inside a parcel that will illuminate under ultraviolet light. It is used to help identify anyone who touched the contents of a parcel.

11. The contents of the Subject Parcel were submitted to the United States Postal Service's Forensic Laboratory Services for examination. The forensic chemist concluded that the contents had a net weight of over 890 grams of which approximately 96% is methamphetamine hydrochloride.

**CONCLUSION**

12. Based upon the foregoing, I respectfully submit that there is probable cause to believe that PAREDES has attempted to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, contrary to 21 U.S.C §§ 841(a)(1) and 841(b)(1)(A)(viii), and in violation of 21 U.S.C. § 846 violated 21 U.S.C § 846.

13. The above information is true and correct to the best of my knowledge, information and belief.

<u>/s/ Eric J. Fuchs</u><br>
ERIC J. FUCHS<br>
U.S. Postal Inspector<br>
U.S. Postal Inspection Service

Sworn and subscribed to me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 18th day March, 2021.

_____
THE HONORABLE LISA PUPO LENIHAN
United States Magistrate Judge